UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

FRANCISCO SANCHEZ,

                Defendant.

**OPINION & ORDER**

13-CR-00065 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Before the Court is Defendant Francisco Sanchez's compassionate release motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant, proceeding *pro se*, filed his compassionate release motion on August 8, 2023. (Doc. 82, "Mot.") and the Government filed its response on October 20, 2023 (Doc. 88, "Resp.").

    For the reasons stated herein, Defendant's motion is DENIED.

## BACKGROUND

    Defendant was indicted on January 29, 2013 on a one count Indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Defendant pled guilty to the indictment on August 20, 2013. (*See* Aug. 20, 2013 Min. Entry). The pre-sentence report ("PSR"), dated November 8, 2013, calculated that Defendant's base offense level was 24 "pursuant to [USSG] section 2K2.1(a)(2) because the [D]efendant had two felony convictions for controlled substance offenses." (Doc. 21 at 4:22-25). The PSR further provided that Defendant's final offense level was 25 and that he was in criminal history category V, which resulted in a Guidelines sentencing range of 100 to 120 months' imprisonment. (*Id.* at 5:15-25). At Defendant's original sentencing, on December 19, 2013, Judge Scheindlin adopted the PSR's Guidelines calculation, which included a two-level enhancement based on Defendant's obstruction of justice as well as two additional criminal history points for committing the offense while on parole. (*Id.* at 4:18-

1

5:25). Judge Scheindlin sentenced Defendant to a below-Guidelines sentence of 84 months' imprisonment and three years' supervised release. (Doc. 17). Judge Scheindlin, in imposing the below-Guidelines sentence, emphasized Defendant's difficult upbringing, his familial support, his personal rehabilitation, and his remorse. (Doc. 21 at 14, 17-20).

Defendant filed, on June 18, 2015, a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 23; Doc. 24). Following briefing and a hearing on Defendant's motion to vacate or correct his sentence, Judge Scheindlin held a resentencing proceeding on October 26, 2015. (*See* Oct. 26, 2015 Min. Entry). Defendant, in seeking to vacate or reduce his sentence, argued that N.Y. Penal Law § 220.31 criminalizes conduct, including "mere offers" to sell controlled substances, and that conduct does not fall within the Guidelines definition of "controlled substance offenses." (Doc. 47 at 6:23-8:19). The district court disagreed, holding that the New York statute criminalizes only "bona fide offers" to sell controlled substances, which fall within the Guidelines definition of "controlled substance offenses" and holding that N.Y. Penal Law "section 220 criminalizes conduct that falls exclusively within the federal definition of 'predicate offense.'" (*Id.* at 8:17-19). Judge Scheindlin, at the October 26, 2015 resentencing, reduced Defendant's 84-month sentence to a term of 80 months' imprisonment in "consideration to his behavior during the period he has been in custody and what he has achieved." (*Id.* at 13:15-22). Defendant appealed the amended sentence, and the Second Circuit affirmed, holding that N.Y. Penal Law § 220 "does not proscribe conduct outside the Guidelines definition of a controlled substance offense." *United States v. Sanchez*, 679 F. App'x. 81, 83 (2d Cir. 2017).

On or about December 7, 2020, while Sanchez was still on supervised release for his 2013 felon-in-possession conviction, two probation officers spoke with Defendant's wife. (*See United*

*States v. Sanchez*, No. 21-CR-00070 at Doc. 71, Exs. A and B).[1] Defendant's wife told the Probation Officers that Sanchez had put her in fear for her life due to his threatening behavior, which included leaving a gun on their kitchen table in or about February or March 2020. (*Id.*). On December 18, 2020, Magistrate Judge Davison issued an arrest warrant and complaint charging Sanchez with being a felon in possession of a firearm, in violation of Section 922(g)(1). (*Id.* at Doc. 2). Defendant was indicted on February 3, 2021 with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.* at Doc. 12). On April 26, 2022, Defendant pled guilty to the 2021 indictment, as well as Specification 1 of the Violation of Supervised Release ("VOSR") petition concerning the same underlying conduct. (*Id.* at Doc. 60). On January 30, 2023, the Court imposed a sentence of 27 months' incarceration in connection with the 2021 indictment and 24 months' incarceration in the VOSR, to run consecutively, for a total term of 51 months' imprisonment, followed 3 years' supervised release. (Doc. 81).

## LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Compassionate release is one of the limited exceptions enumerated in 18 U.S.C. § 3582(c). Under the First Step Act, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal [or] a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence, on a defendant's motion, if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the

---

[1] Both cases—the new charge stemming from Defendant's 2020 firearm possession (No. 21-CR-00070) and the violation of supervised release (No. 13-CR-00065)—were consolidated before this Court. (*See* Jul. 22, 2021 Min. Entry).

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "The moving party bears the burden of proving that extraordinary and compelling reasons exist." *United States v. Rodriguez*, No. 19-CR-00012, 2020 WL 2787629, at *3 (S.D.N.Y. May 28, 2020). The Second Circuit has "emphasized that district courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release." *United States v. Jones*, No. 22-2008, 2023 WL 8613867, at *2 (2d Cir. Dec. 13, 2023).

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Even if "the existence of extraordinary and compelling circumstances warrant[s] release[,] . . . a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *Id.* (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) "[I]f a district court determines that the § 3553(a) factors counsel against release, it may deny a compassionate-release motion on that basis alone and 'need not determine whether . . . extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction' exist." *United States v. Johnson*, No. 23-6272, 2023 WL 6475329 (2d Cir. Oct. 5, 2023) (quoting *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021)).

## ANALYSIS

The Government, with respect to the exhaustion requirement, agrees that Defendant "complied with the exhaustion requirement of Section 3582(c)(1)(A) by making a request for compassionate release to the warden of the BOP facility in which he is confined, on or about July 1, 2023" and further "agrees that more than 30 days have passed since [Defendant's] request to the warden, and that he therefore has satisfied the administrative exhaustion requirement set forth in Section 3582(c)(1)(A)." (Resp. at 4). Having satisfied the exhaustion requirement, the Court

4

then turns to (i) whether Defendant has met his burden of establishing extraordinary and compelling reasons for a sentence reduction; and if so, (ii) whether the Section 3553(a) factors counsel against release.

      I.      <u>Extraordinary and Compelling Reasons</u>

Defendant argues that the two-point sentencing enhancement used to calculate the Guidelines range for his 2013 felon-in-possession conviction would not be applicable today pursuant to *United States v. Townsend*, 897 F.3d 66, 75 (2d Cir. 2018). *Townsend* held that a conviction pursuant to N.Y. Penal Law § 230.31 cannot be a predicate controlled substance offense under the Sentencing Guidelines and therefore does not qualify for an enhanced Guidelines calculation under U.S.S.G. § 2K2.1(a). Defendant also argues that had *Townsend* been applicable when he was originally sentenced by Judge Scheindlin, he "would almost certainly be sentenced to a substantially shorter term of imprisonment," resulting in the period of supervised release thereafter to have terminated earlier. (Mot. at 6). With those assumptions in place, Defendant argues he would not have been on supervised release in 2019 and his possession of a firearm in 2020 would not have resulted in the violation of supervised released which took place herein. (*Id.* at 6-7). Defendant concludes that his current sentence and term of supervised release should be reduced to time served; or alternatively, that the sentence for his violation of supervised release should run concurrently with the sentence for the violation of 18 U.S.C. § 922(g)(1). (*Id.* at 7).

Defendant also argues that extraordinary and compelling reasons exist to reduce his sentence because "would almost certainly be sentenced to a substantially shorter term of imprisonment (if any term of imprisonment at all) if sentenced today, given the drastic change in the law since his original sentence." (Mot. at 6). Defendant cites to *Untied States v. Vargas*, 502 F. Supp. 3d 820 (S.D.N.Y. 2020) and *United States v. Clark*, No. 97-CR-00817, 2021 WL

5

1066628, at *3 (S.D.N.Y. Mar. 18, 2021) in support of his argument that "[c]ourts in this district have expressly acknowledged" that a change in law after sentencing presents an "extraordinary and compelling reason[] for modifying a term of imprisonment." (Mot. at 6).

Both *Vargas* and *Clark* are distinguishable. *Vargas* involved a defendant who was sentenced in 1991 to 40 years for his participation in a narcotics conspiracy pursuant to "then-mandatory Sentencing Guidelines." 502 F. Supp. 3d at 824. The Supreme Court held, 14 years after the defendant's sentencing, that the Sentencing Guidelines cannot be mandatory, thus requiring courts to consider the Guidelines as advisory only. *See United States v. Booker*, 543 U.S. 220 (2005). Judge Caproni granted the compassionate release motion and held, in light of *Booker*, that "it is difficult to escape the conclusion that [the sentence imposed] is both draconian and exceptionally harsh." *Vargas*, 502 F. Supp 3d at 825. The defendant in *Clark* was sentenced to 360 months' imprisonment on narcotics conspiracy charges under then-mandatory Guidelines and, just as in *Vargas*, Judge Chin relied on *Booker* to grant the compassionate release motion. *Id.* Judge Chin noted in *Clark* that the then-mandatory Guidelines "provided for an exceptionally long sentence for his crimes, ranging from 360 months to life" and that he "thought that a life sentence was uncalled for and imposed the lowest permissible sentence, 360 months." *Id.*

Defendant was not, unlike in *Clark* and *Vargas*, sentenced pursuant to mandatory Guidelines. Nor could Defendant's sentence, unlike those at issue in *Clark* and *Vargas*, be fairly characterized as draconian or overly harsh. To the contrary, Judge Scheindlin gave Defendant a significantly below-Guidelines sentence, which as—as the Second Circuit noted when affirming the sentence—was "based on careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Sanchez*, 679 F. App'x at 84 ("In the November 9, 2015 order denying Sanchez's Rule 35 motion to correct his sentence based on the imposition of the obstruction enhancement, the

6

district court stated the denial of the motion did not prejudice Sanchez because the relief requested would not alter the term of the sentence imposed."). Even assuming Defendant is correct that the Guidelines range for his 2013 felon-in-possession conviction would have been lower in light of *Townsend*, the record reflects that the same sentence would have been imposed by Judge Scheindlin in any event based upon her analysis of the Section 3553(a) factors.

In any event, "[a] likelihood or even certainty that the defendant would receive a lower sentence if sentenced today is not, standing alone, an extraordinary and compelling reason for a sentence reduction. *United States v. Marrero*, No. 11-CR-00568, 2020 WL 7079483, at *3 (S.D.N.Y. Dec. 3, 2020). Given that Defendant's speculation that his sentence may have been lower if he was sentenced today (and therefore his period of supervised release would have extinguished before he committed the offense at issue now) is his only basis for his compassionate release motion, Defendant has failed to meet his burden of showing that extraordinary or compelling reasons exist.[2]

II. Section 3553(a) Factors

Separately, and in any event, granting Defendant a reduction in sentence would be neither "consistent with the applicable policy statement issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor supported by the "factors set forth in section 3553(a)," 18 U.S.C.

---

[2] Defendant's compassionate release motion fails for the independent reason that he waived the argument raised herein by failing to raise it during any of the prior stages in these proceedings, despite having ample opportunities to do so. *See United States v. Hernandez*, No. 21-142-CR, 2021 WL 5286653, at *1 n.2 (2d Cir. Nov. 15, 2021) (rejecting a defendant's Guidelines-based compassionate release argument "for the independent reason that" it had been waived by not being advanced earlier). The Court asked defense counsel during the January 30, 2023 sentencing proceeding if Defendant objected "to any of the factual material contained in the Amended Violation of Supervised Release Report dated December 21, 2020" or if he objected to "the Guidelines calculation or anything else in that Amended Violation of Supervised Release Report." (*See* Jan. 30, 2023 Sentencing Tr. at 7:178:3). Defense counsel responded that Defendant did not object to either the factual material, the Guidelines calculation, or anything else in the Amended Violation of Supervised Release Report dated December 21, 2020. (*Id.*).

§ 3582(c)(1)(A). Thus, even if the Court found defendant's application sufficient to establish "extraordinary and compelling" reasons, the Sentencing Commission policy statement also requires that the Court find that "the defendant is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(a)(2); and the Court's determination must then also be supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A).

Defendant has failed to address, much less sustain, his burden of proof that a reduction would be consistent with the applicable policy statement that he is not a danger to the safety of any other person or to the community. The Court, at sentencing, noted the need to protect the public from further crimes. Defendant's offense conduct is extremely serious and dangerous. Defendant does not suggest that since this Court's findings at his sentencing, he is no longer a danger to the community or incapable of engaging in the same type of behavior that led to his incarceration. *Cf., United States v. Asaro*, No. 17-CR-00127, 2020 WL 1899221, at *1, *7 (E.D.N.Y. Apr. 17, 2020) (granting compassionate release to a previously violent defendant because his physical ailments, including expressive aphasia, made it unlikely that he remained capable to orchestrate complex criminal schemes).

In addition, and again assuming Defendant had made a sufficient showing regarding "extraordinary and compelling" reasons and established that his release would be consistent with the applicable policy statement, which he has not, the § 3553(a) factors do not support early release. These factors, such as "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct" also weigh against his early release. 18 U.S.C. § 3553(a). With respect to the seriousness of the offense, the instant offense came to the attention of law enforcement because of his increasingly erratic and

violent behavior towards his wife, which included "leaving a gun on their kitchen table in or about February or March 2020." (Resp. at 3). Defendant's wife alleged "that he was physically violent with her and threatened to kill her." (*United States v.* Sanchez, No. 21-CR-00070 at Doc. 74, n.3). Defendant's unlawful possession of a firearm, coupled with the escalating domestic violence that brought the instant offense to the attention of law enforcement, is extremely serious and requires a substantial sentence to specifically deter him from continuing to engage in such conduct. A sentence reduction would not reflect the seriousness of Defendant's conduct, nor would it promote the needs for deterrence and to protect the public. For the reasons stated in detail at Defendant's sentencing, which the Court incorporates by reference, a sentence of 51 months' imprisonment was necessary to achieve those goals. The Court's January 30, 2023 sentence remains appropriate.

## CONCLUSION

For the reasons set forth herein, Defendant's motion for compassionate release is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 82) and mail a copy of this Order to Defendant.

SO ORDERED:

Dated: White Plains, New York
       December 28, 2023

_____
Philip M. Halpern
United States District Judge